## BROWN'S ADMINISTRATORS *vs.* HILL & Co.

An amendment of the return on a writ of summons, as to the day on which it was served, properly admitted in the Circuit Court, pending a writ of error to the judgment, without notice to the other party, and where the defendant had died, after error brought, and the suit in error abated, although, before the amendment, the writ appeared to have been served on the very day on which the judgment was rendered.

This Court would presume that the sheriff had preserved some note or memorandum, in writing, of the execution of the writ by which he was governed, in amending.

It is no error that the declaration claims a larger amount of debt than judgment is rendered for.

It is no error to render judgment for plaintiff for *all* costs expended in the case, instead of a specific sum, where no costs have been expended by the defendant.

THIS was an action of debt, determined in the Pulaski Circuit Court, in Sepetmber, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges.   Hill, Keatts & Boyle, as partners, sued John P. Brown, on a bond, dated Feb. 15, 1836, due Nov. 1, 1836, for $600 08, with interest from 15th Aug., 1836.   The original summons issued on the 24th of March, 1841, and was returned with an endorsement that it was served on the 24th of September, 1841.   Judgment by default, Sept. 24, 1841, for $247 08, residue of debt, $51 damages, and *all* the costs in the suit expended.   Brown brought error, and assigned several grounds of error; among which was, that the writ was not served until the day on which judgment was rendered.   Before any joinder in error, Brown died, the suit abated, and was renewed

in the name of his administrators. The defendants in error then suggested diminution of the record, obtained a certiorari, and joined in error. Pending the writ of error, and before certiorari returned, the Circuit Court, on motion of Hill & Co., without notice to the other party, allowed the sheriff to amend his return, by altering the day of. service to March 24, 1841.

The case was argued here by *W. & E. Cummins,* for plaintiffs in error, and by *Trapnall & Cocke,* contra.

*By the Court,* RINGO, C. J. The plaintiffs in error question the authority of the Circuit Court to admit the amendment, and insist that this Court is bound by law to disregard it, and adjudicate upon the record, as it stood prior to the amendment; and this constitutes the first question for our consideration and decision.

No authorities have been cited in relation to this question, by either party; nor are we aware of the existence of any adjudged case precisely like it in every circumstance. But, according to the modern practice, both in England and the United States, the rigor of the rules anciently adopted on this subject, has been greatly relaxed; and the courts now generally admit amendments, where the ends of justice will be promoted, and no injustice be done to any other party thereby; and many cases are reported where this rule, in itself both liberal and just, has been most liberally expounded, and amendments allowed, seemingly scarcely within its purview. We, however, regard the case before us as strictly within the rule; because, by the amendment, the truth, simply, as to a fact, which transpired *in pais,* is shown and established; at least, such must be the legal presumption, as the officer, by the leave granted him by the Court, to amend his return, was only authorized thereby to state truly, or more specially or particularly, acts done by himself, which he had, by mistake, negligence, or otherwise, misstated, omitted, or informally set forth, in his original return of the process; and the law will not presume that its officer, in discharging any official duty, will make a false return as to his official acts, commit any act of injustice, or fail to discharge his duty, according to law; and therefore, we must presume that the state-

ment of the sheriff, in his original return of the summons, in this case, that he executed the writ, in this case, on the "24th day of September," instead of the 24th day of March, 1841, as stated in his amended return, was but a misprision or mistake, simply made in the writing out of the return, which, by leave of the Court, could be amended or corrected, at any time, without notice; and, if so, it is perfectly manifest that no injustice can be done, either to the defendant below, or any other person, by its correction. Besides, as the amendment has been admitted by the Circuit Court, and nothing appearing to the contrary, we may well presume in favor of the order of the Court and official act of the officer, that the latter had preserved some note, or memorandum, in writing, of the execution of the writ by which he was governed or guided, in making the amendment; consequently, the amendment was rightly admitted; and a transcript of the record, as amended, being regularly certified and returned into this Court, by writ of certiorari, we must consider the execution of the writ on the defendant below as valid, and in due time to bind him to appear to the action; and, upon his failure to plead or appear thereto, to authorize judgment against him by default.

Again: it is objected, by the assignment of errors, that the judgment is not given for the amount of " debt," mentioned in the declaration, and does not correspond with the declaration; that it gives more damages than the plaintiffs below were entitled to; and that it is given for all of the costs expended in the suit, whereas, it should have been for a specific sum, and only for the costs of said plaintiffs.

It is true, that the debt shown by the declaration to be due and owing by the defendant to the plaintiffs below, is $600 08; and the judgment is only for $247 08, " residue of the debt in the declaration mentioned;" but we cannot perceive how the defendant below could, by possibility, be injured by the voluntary admission, by the plaintiffs, of a large credit in his favor, when, by his default, the law considers him as admitting the full amount of the debt demanded, and shown in the pleading to be due and owing, and that he had no legal defence to its recovery. The objection as to the amount of damages is not sustained by the record; because, according to the face of the declaration, the interest accrued on the debt, at the date of the judgment,

would have amounted to a much larger sum than that adjudged as damages; and, although a writing obligatory, corresponding, on its face, with that mentioned and described in the declaration, is copied into the transcript of the record returned to this Court, it forms no part of the record; nor does it appear to be filed in the cause, or to have been, at any time, or in any manner whatever, presented to the Court. We are not, therefore, at liberty even to regard anything evidenced by it, in the present adjudication. As to the objection, that the judgment for costs is wrong, we think it a sufficient answer simply to state, that it appears, from the record, that no costs had been expended, on the part of the defendant, and therefore he is not prejudiced, and has no right to complain, as the plaintiffs below, notwithstanding the language used in the judgment, recover, in fact, nothing except their own costs.                  Judgment affirmed.