## Wheeling.

SAMUEL PRICE, EX'R, *vs.* DAVID S. PINNELL *et al.*

January Term, 1870.

1. Where a bill is filed against a party as a non-resident, and process is never executed on him by personal service, or order of publication, he has a right to object in an answer to the non-execution of process; and because the answer contains a full answer to the bill, the party cannot be held to waive that part of it which insists that the court cannot proceed until process is served.

2. R. files a bill in 1860, against P., alleging the latter to be a non-resident; no process is served upon him, and no order of publication is had. In 1861 R. files an affidavit that P. is a non-resident, but no attachment was issued. P. answered the bill objecting to the jurisdiction of the court, upon the ground of want of service of process, and also containing a full answer to the bill. The bill was dismissed. HELD:

> That the allegation of the bill that P. was a non-resident, and the affidavit of R. to the same effect, is equivalent to a return of the officer that he was a non-resident. An attachment might have sued out, but it was not done, and the cause might have been treated as discontinued from that time, and there was not sufficient reason to have justified the court for remanding the cause to rules for further proceedings. The bill was, therefore, properly dismissed.

The points arising in this case appear in Judge Maxwell's opinion.

Hon. N. Harrison, Judge of the circuit court of Geenbrier county, presided on the hearing of the cause.

*Sperry* for the appellant.
*Edmiston* and *Harris* for the appellees.

MAXWELL, J.    This was a bill filed in the circuit court of Greenbrier county, by Johnson Reynolds, against David S.

Pinnell and Mason Matthews, alleging that the said Pinnell was a non-resident of the State; that he was indebted to the complainant, and that he had estate in the county of Greenbrier, consisting of money in the hands of the said Matthews. The bill prayed that so much of the money in the hands of the said Matthews as would be sufficient to pay said indebtedness, might be attached and applied to discharge said indebtedness.

Process was issued against the said Pinnell and Matthews, returnable to June rules, 1860, on which the object of the suit was endorsed, and which process was returned with an endorsement thereon of the acceptance of the service thereof by the said Matthews, but there is nothing in the record to show that the said process was ever served on the said Pinnell by order of publication, or otherwise, nor was any *alias* process ever issued.

On the return day of the process, the bill was filed at rules. On the 29th day of June, 1861, the said Reynolds made an affidavit that the defendant, Pinnell, was a non-resident of the State. On the 11th day of September, 1867, an order was made reviving the cause in the name of Samuel Price, as executor, &c., of the said Reynolds, and this is all the order which appears to have been made in the cause, except the final order dismissing the bill, entered on the 15th of January, 1869. The final decree recites that the cause came on to be heard on the bill taken for confessed, as to the defendant, Matthews, the answer of the defendant, Pinnell, replication, &c., on consideration whereof the bill was dismissed. Pinnell, in his answer, insists that the court had no jurisdiction to proceed in the cause, because he had never been brought before the court by order of publication, or by personal service of process, and because, at the time the procedure was commenced, as shown by the affidavit of the complainant, he was, in fact, a resident of the State, residing at that time in Wood county.

It is insisted for Pinnell here, that, under this state of facts, the bill was properly dismissed for want of jurisdic-

tion, whilst it is claimed for the appellant that the court had jurisdiction.

To maintain the jurisdiction the counsel relies exclusively on the case of *O'Brien* vs. *Stephens*, 11 Gratt., 610. In that case there was an appearance and a demurrer to the bill by the non-resident defendant, thereby putting himself fully under the control of the court, for every legitimate purpose. In the case under consideration Pinnell objected to the jurisdiction, because the process had not been executed against him, which makes a case materially different from that of *O'Brien* vs. *Slephens.*

The defendant had the right to object, as he did, that the process was not executed against him. *Hickman* vs. *Larkey*, 6 Gratt., 210; *The Bank of the Valley* vs. *The Bank of Berkeley*, 3 W. Va. Rep., 386. If the defendant, Pinnell, had appeared to the action without objecting to the non-execution of process against him, he would thereby have placed himself in the same situation he would have occupied if process had been executed upon him, which was the situation the defendant occupied in the case of *O'Brien* vs. *Stephens ; The Bank of the Valley* vs. *The Bank of Berkeley*, 3 W. Va. Rep., 386, and authorities there cited. The fact that the answer filed contains a full answer to the bill, cannot be held to waive that part of the answer which insists that the court cannot proceed until process is served.

The decree dismissing the bill is, therefore, correct, unless the court ought to have remanded the cause to rules for further proceedings.

The bill on its face shows sufficient matter for the jurisdiction of the court, as it charges that Pinnell is a non-resident, and has estate in the county in which the suit is brought, which is sought to be subjected to the payment of the complainant's debt, under the 1st section of chapter 169, of the Code of Virginia, and the 11th section of chapter 151, thereof. Process in the cause might have been executed either by attaching the property of the defendant, Pinnell, and the publishing of an order of publication, or

by personal service of process. By the 7th section of chapter 171, Code of Virginia, it is provided that, when an officer shall return a defendant a non-resident, if the court from which the process issued has jurisdiction of the case only on the ground of the residence of such defendant in the county in which such process issued, the suit shall abate. In this case there was no return of the process by any officer as to the defendant, Pinnell, but the bill alleges that he is a non-resident, and the affidavit of complainant is to the same effect, which must be equivalent to a return by the officer to the same effect. An attachment might then have been sued out, but it was not done, and it seems to me that the cause from that time forward should have been treated as discontinued, and that there was not sufficient reason to have justified the court in remanding the cause for further proceedings.

There is, therefore, no error in the decree of the court below, complained of, and the same will have to be affirmed, with damages and costs.

Berkshire, J., concurred in the opinion of Maxwell, J.

Judge Brown dissented.

DECREE AFFIRMED.