# CHARLESTON

GAULEY COAL LAND ASSOCIATION *v.* SPIES *et al.*

Submitted September 12, 1906.   Decided December 4, 1906.

| 61 | 19 |
|----|----|
| 63 | 574 |

| 61 | 19 |
|----|----|
| 164 | 421 |
| 65 | 199 |

1.  EQUITY—*Pleading—Answer—Permission to File.*

Where an answer which presents no defense is offered, the court should, upon objection, refuse to permit it to be filed. (p. 20.)

2.  PROCESS—*Service.*

*Quaere:* Where a process is served by an individual, is it necessary for the affidavit or return showing the time and manner of service to also show the place of such service? (p. 21.)

3.  APPEAL—*Amendment of Proceedings in Court Below.*

Pending an appeal and *supersedeas* in this Court, the return of

service of process commencing a suit may be amended in the lower court, upon proper application and notice to the opposite party; and if the amendment is allowed, such fact may be shown to this Court by supplemental record.  (p. 23.)

4.    SAME—*Effect of Amendment.*

When an amendment is thus made, and so shown, if it appears that it was properly made, and that the defective service is thereby cured, it will relate back to the time of service, and will obviate the error in that regard.  (p. 23.)

5.    VENDOR AND PURCHASER— *Vendor's Lien—Enforcement—Sale.*

Section 1*a*, chapter 132, Code 1899, section 3993, Anno. Code, 1906, which provides that a decree for the sale of real estate of the value of five hundred dollars or more shall be advertised by the commissioner or person appointed to make the sale in a newspaper published in the county where such real estate is situated, is mandatory, and where a suit is brought to enforce a vendor's lien retained in a deed conveying the timber upon various tracts of land, some of which are situated in one county and some in another, the decree should provide for the publication of the notice of sale in both counties.  (p. 23.)

Appeal from Circuit Court, Greenbrier County.

Bill by the Gauley Coal Land Association against Henry Spies and others.  Decree for plaintiff, and defendants appeal.

*Modified and Affirmed.*

HENRY GILMER and H. L. VAN SICKLER, for appellants.
WILLIAMS & DICE, for appellee.

SANDERS, JUDGE:

This is a suit in chancery, brought in the circuit court of Greenbrier county, by the Gauley Coal Land Association against Henry Spies and R. H. Ely, having for its object the enforcement of a vendor's lien retained by the plaintiff in a deed executed by it to the defendants, conveying to them all of the timber above a certain size standing upon various tracts of land in Greenbrier and Nicholas counties.  From a decree in favor of the plaintiff, the defendants have appealed.

The defendants demurred to the bill, assigning as a ground therefor that the plaintiff filed copies of the contract, notes

and schedule of tracts of land, as exhibits with the bill, when it had the original notes, and a duplicate original of the contract and schedule of tracts.

A party is not required to file with his bill the original papers which form the basis of his claim, but he may aver the contents of these papers, or file copies of them with his bill as exhibits, at his pleasure.    It is not ground for demurrer that he does not file the originals.    The bill is clearly good, and the demurrer was properly overruled.

It is also claimed that the court erred in sustaining the exceptions of the plaintiff to the answer of Henry Spies. There were no exceptions to the answer, properly speaking.    Exceptions are only taken to an answer after it is filed.    This answer was not filed, but upon objection, the court rejected it.    A court should, when an answer presents no defense to a bill, refuse to permit it to be filed when objected to.    This answer presents no defense whatever.    It does not deny a single allegation of the bill, neither does it allege affirmative matter of any kind.    It is said, however, that it alleges that the plaintiff has computed interest on interest, and that therefore it constitutes a plea of usury, and is sufficient under sections 6 and 7, chapter 96, Code 1899, sections 3431 and 3432, Anno. Code 1906.    The answer charges that there is no statement contained in the bill showing the amount due, and then says that the plaintiff has, in ascertaining the amount due, calculated and charged interest on interest, thus making the transaction usurious.    The bill does not show any calculation as having been made by the plaintiff.    It simply alleges the sale of the timber to the defendants, at a stipulated price, and that the defendants executed their notes for the deferred payments, and that all except two of them are due. Copies of the notes are exhibited with the bill, and no calculation is made.    It is purely a question of calculation for the court.    The plaintiff does not claim usury.    It only claims the amount of the notes, with interest.    The answer certainly presented no issue, and the court properly refused to allow it to be filed.

The next ground for reversal is, that the court overruled the motion of the defendant, Ely, to quash the return of service as to him.    He appeared specially and moved to quash the return, on the ground that it failed to show in what

county service was had. The court overruled the motion, and the defendant Ely withdrew from the case. The process was served by an individual, and an affidavit was made as to the manner and time of service, but it failed to show where it was served. A personal decree *was rendered against the defendants; hence the necessity of personal service. Where was this process served? Was it within the jurisdiction of the court? It does not show this expressly, and as it does not, where do we get the information? The process was directed to the sheriff of Monroe county, and this being so, is there a presumption that it was served in this state? If not, the service would not be good. There would necessarily have to be such presumption to sustain it. Where a process is served by an officer, whose duty is it to do so, it is not necessary for the return to show that it was served in his bailiwick. An officer is presumed to have discharged his duty and not to have exceeded his powers. We cannot presume that when a process is delivered to an officer to be served that he will do an unlawful act by serving it outside of his county, but it is presumed that he did not do so. We will not decide this question, as the amendment of the return has made the decision of it unnecessary. Since the motion to quash, in the circuit court, and since the allowance of the appeal and *supersedeas*, the plaintiff, after having given notice to the defendant, Ely, applied to the circuit court for permission to amend the return, to which amendment the defendant Ely objected, but the court overruled the objection, and permitted the return to be amended so as to show that the process was served in Monroe county. This appears from the supplemental record filed herein, it being the record made upon the motion to amend. The amendment being allowed, it cures the return, and relates back to the time of service. *McClure-Mabie Lumber Co.* v. *Brooks*, 46 W. Va. 732. The question then arises, what effect is to be given to the amendment, as regards the decision of this case? Should we disregard the amendment, and adjudicate upon the record as it stood at the time the appeal was allowed, or should we consider the record as it now stands? Courts now allow amendments with great liberality, where the ends of justice will be promoted and no injustice done. What injustice was done, or can be done, by allowing this amendment to be made?

The answer must be, that instead of doing an injustice, it is the establishment of truth, and thereby prevents the miscarriage of justice. Why should a judgment or decree be avoided when the process has been properly served, and when this fact can be made known by allowing an amendment? The amendment having been properly made, and it being brought to the attention of this Court by the supplemental record, we should consider the record as it appears, although partly made since the allowance of the appeal, and when we do so, we find that the process was properly served, and that the court had jurisdiction of the person of the defendant, Ely. If we should reverse, the circuit court, when the case goes back, could allow an amendment to be made, and when so made, it would relate back to the time of service. Then if this is so, why should this dilitory measure be indulged in, when there is certainly no good reason for it. "A return of service may be amended after appeal or pending writ of error, as in the appellate court upon appeal, or in a trial court pending writ of error, in which case the amendment is shown by supplemental record." 18 Ency. Pl. & Pr. 958. The practice of allowing amendments pending an appeal is amply supported by the authorities, some of which are: *Capehart* v. *Cunningham*, 12 W. Va. 750; *Hopkins* v. *B. & O. R. Co.*, 42 W. Va. 535: *McClure-Mabie Lumber Co.* v. *Brooks*, 46 W. Va. 732; *Shamberg* v. *Noble*, 80 Pa. 158; *Irvine* v. *Scobee*, 5 Littell (Ky.) 70; *Brown's Admr.* v. *Hill*, 5 Ark. 78; *Bizzell et al.* v. *Stone & McDonald*, 8 Ark. 478; *Loveland* v. *Sears*, 1 Col. 433.

Another point relied upon by the defendants is that the decree did not provide for the proper advertisement of the sale of the property, in this, that there are various tracts of land proceeded against, some lying in Greenbrier and some in Nicholas counties, and that the decree only provided for the advertisement in a newspaper published in Greenbrier county, when it should have required it to be published in newspapers published in both counties.

Section 1*a* of chapter 132, Code 1899, section 3993 Anno. Code 1906, provides: "That whenever a court shall hereafter decree the sale of real estate, if it appear to the court that such real estate is of the value of five hundred dollars or more, it shall prescribe in the decree that such sale shall be

advertised in a newspaper, by the commissioner or person appointed to make the sale. It shall always be advertised in a newspaper published in the county, if one be published therein, where the real estate to be sold is situated."

This statute was before this court in *Duncan* v. *Custard*, 24 W. Va. 731, and it was held to be mandatory, and that it was error not to require the land to be so advertised if it appears to the court that it is of the value of five hundred dollars or more. While this statute was so construed, yet that case differs somewhat from the case we have here. There it appeared that the value of the property was over five hundred dollars, and the court held it was error not to advertise it in a newspaper. Here it sufficiently appears that the value of the property is more than five hundred dollars, and the decree only required it to be advertised by publication in Greenbrier county. Therefore, the question presented is, does this statute mean that when a suit is brought to sell several tracts of land, some of which lie in one county and some in another, that the sale shall be advertised in a newspaper published in both counties, or that it shall be so advertised in the county where the suit is brought and decree pronounced.

Counsel for appellee argue that the timber decreed to be sold is situated upon one continuous tract of land. The record does not verify this argument; therefore, the reason for it fails. Inasmuch as it appears that the timber stands upon several distinct tracts, and as it does not appear that these tracts are contiguous, we are not called upon to decide whether or not a decree providing for the sale of a tract of land, or several contiguous tracts, lying partly in one county and partly in another, shall provide for the publication in a newspaper of the notice of sale in both counties where the land lies.

In construing this statute, we must endeavor to reflect the intention of the Legislature. That intention, as manifest from the terms of the statute, is to give notice co-extensive with the bounds of the land to be sold, in order that competitive bidding may be stimulated. This notice is for the benefit of the creditor, as well as the owner of the land. The former is interested in the land bringing the amount of his debt, while the latter is naturally desirous of the land selling for as large sum as possible.

If the decree had provided for the advertisement of the notice of sale by publication in a newspaper in Nicholas county, we apprehend that it would not be contended that such advertisement was a compliance with the terms of the statute. Yet that would have been as substantial a compliance as the decree which provided for the advertisement in Greenbrier county, when a portion of the land lies in Nicholas county. The statute says that the court shall prescribe in the decree that such sale shall be advertised in a newspaper, and that it shall always be published in a newspaper published in the county where the land to be sold is situated, if one be published therein. There are no exceptions, but in every instance in which such property is decreed to be sold this statute has commanded that it shall be advertised in a newspaper published in the county. What county? Its language seems to be clear when it says in the county where the land lies. Not in the county where a part of the land lies, but in the county where the real estate to be sold is situated.

But it is said that it must be presumed that the lower court instituted an inquiry and found that there was no newspaper published in Nicholas county, else it would, in its decree, have provided for the advertisement of the notice of sale in that county. We cannot see why this presumption should obtain. The statute is mandatory, and the decree should show a compliance with its provisions. If the court had entered into an inquisition, and found that there was no newspaper published in Nicholas county, the decree should have stated that fact. But on this subject it is silent, and it is manifest from all the circumstances that the attention of the court was not directed to this statute when the decree was entered, and that it was not intended to give any notice of sale in Nicholas county, because there is no provision for any kind of notice whatever in that county. If no newspaper be published there, such other notice as is required by law should have been provided for.

It is also said that the defendants, had they desired publication in more than one county, should have brought the matter to the attention of the court. We do not think that the defendants were required to take this step. The court was undertaking by its decree to sell their property, and they

had the right to remain quiescent, as they did, and insist that all the provisions of the statute in such cases were complied with.

Complaint is made that the lower court refused to suspend the decree of February 6, 1906, to give the defendants time within which to apply for an appeal and *supersedeas*. There may be instances where to refuse to suspend a decree or judgment, serious injury might result, but we fail to see how the refusal to suspend this decree can operate prejudicially to the defendants. Before the decree was enforced, this Court allowed an appeal and *supersedeas;* therefore the action of the lower court in refusing the suspension is rendered immaterial.

For the foregoing reasons, the decree of the circuit court will be modified, so as to provide for advertisement of notice of sale in both counties, and as so modified will be affirmed.

*Modified and Affirmed.*