# CHARLESTON.

## SPENCER v. RICKARD.

Submitted February 15, 1910.   Decided May 9, 1911.

1.  PROCESS—*Return—Amendment.*
     It is proper to permit a return of service to be amended according to the fact, in proceedings of the case which attack the validity of the judgment on the ground of an insufficient return, though the amendment defeats the proceedings.   (p. 322).

2.  SAME—*Amendment—Return of Service.*
     An insufficient return of service on the summons to answer an action may be amended, on a motion to quash an execution issued on a default judgment therein, notwithstanding the defendant appeared specially in the action and unsuccessfully sought to quash the return.   (p. 324).

Error to Circuit Court, Mason County.

Action by John H. Spencer against C. B. Rickard.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Somerville & Somerville,* for plaintiff in error.

*Rankin Wiley,* for defendant in error.

ROBINSON, JUDGE:

This writ of error seeks the reversal of an order refusing a motion to quash an execution.

Spencer sued Rickard before a justice of the peace for money due on contract.   Defendant appeared specially and moved to quash the return of service on the summons.   This motion the justice overruled.   Defendant then retired and made no further appearance in the suit.   A judgment for plaintiff was pronounced and entered. When an execution was issued on the judgment, defendant by proper notice moved the justice to quash the same.   The motion to quash the execution was sustained, and plaintiff appealed from the order of the justice in that particular to the circuit court.   When the appeal came on to be heard, the circuit court permitted the return of service on the summons to be amended.   The execution was quashed on the ground that it was not properly directed, but

·the ground that there was no valid judgment because of illegal service was distinctly overruled.

Subsequent to these proceedings, plaintiff filed a transcript of his judgment in the office of the clerk of the circuit· court of the county, and execution was issued thereon. It is that execution which defendant attacks in the proceedings now before us.

Defendant says that the execution is not supported by a valid judgment. He insists that the judgment is void because no proper return of service appeared on the summons when defendant moved to quash the return. In other words, he maintains that there has been no due process of law—no notice to him.

The amended return of service, however, shows that defendant 'was regularly served. It shows that legal notice of the suit was given him. Now, the main question is: Must the judgment be held to stand on the alleged invalid return of service which defendant unsuccessfully attacked, or on the amendment of the return showing that he really had the character of notice which the law requires when he refused to enter a general appearance in the case?

The judgment against defendant is plainly a judgment by default, though he contested the showing of jurisdiction. The judgment is the same as if he had not specially appeared. The special appearance really availed him nothing, since his motion thereunder was denied by the justice. He can take only the same advantage that he could have taken if he had not appeared for any purpose. When there is no general appearance, as in this case, a judgment rendered is one by default. A default judgment is void and unenforceable if there was no jurisdiction to render it—if the defendant was not notified in the manner prescribed by law. It has been held that, in cases before justices, improper or illegal notice is waived by a general appearance. *Wright* v. *Railroad Co.,* 50 W. Va. 653. But the defendant in the case at hand waived nothing by his special appearance. He may still avoid the judgment if he ·was not legally brought in to answer the action. He may quash the execution issued thereon, if he was not served with process in the action. But may he thus avoid the judgment merely because the original return was bad, though by an amendment properly

made it appears that he actually had notice in the manner the
law prescribes? He insists that he may.

The judgment is not absolutely void if defendant was duly
notified,. though the return of service did not show due notice
to him. If process had been legally executed on him at the
time of trial, he knew it. He knew the actual manner of the
service of notice to answer the suit. If he was served in an
illegal way, he could rely on that fatal defect, make no general
appearance, and defeat the enforcement of the judgment when-
ever undertaken. But if he knew that legal service was made
on him, he could not allow judgment to go against him by de-
fault and thereafter be sure to defeat it simply because the
original return did not show the legal service that actually was
made; for, by well established law the fact of a sufficient
service may thereafter be shown by an amendment of the return.
When defendant declined to make a general appearance, know-
ing, as he must have known, that legal service had been executed
on him and only badly returned, he suffered a judgment by
default and took the risk of an amendment according to the
actual fact which would fully support that judgment. He
could only safely take the course which he pursued when he
knew that no amendment according to the fact could ever show
a valid service of the summons. He has not been unjustly denied
an opportunity to defend on the merits, as he submits. He had
that opportunity but refused to take advantage of it.

We need not pass on the sufficiency of the original re-
turn of service. It is conceded that the amended return,
made pending the proceedings to quash the first execution, is
good. The amended return shows that defendant had notice
of the suit in which the judgment was rendered, as required
by law. It proves that the justice had jurisdiction of defendant
to render the judgment against him. It supports the judgment
and denies the ground on which defendant would quash the
last execution issued thereon.

To allow a return of service to be amended according to the
fact, in proceedings of the original case which attack the
validity of the judgment on the ground of the insufficient
return, though the amendment defeats the proceedings, is usual
practice. *Capehart* v. *Cunningham,* 12 W. Va. 750; *Laidley*
v. *Bright,* 17 W. Va. 779; *Anderson* v. *Doolittle,* 38 W. Va.

633; *Hopkins* v. *Railroad Co.,* 42 W. Va. 535; *McClure-Mabie Lumber Co.* v. *Brooks,* 46 W. Va. 732; *Gauley Coal Land Asso.* v. *Spies,* 61 W. Va. 19; 1 Enc. Digest Va. & W. Va. 356-359. It was merely this practice that was followed in the case under consideration. The course pursued was fully warranted. On the motion to quash the execution, now before us by this writ of error, the amendment of the return of service that had been made in the proceedings to quash the former execution was shown. That amendment stood as a former adjudication, from which no appeal had been taken. As we have said, the amendment proved that there was due notice to defendant before the rendition of the judgment in question. It validated the judgment attacked by the motion to quash the execution. Though it took away the foundation of the motion to quash the execution, the amendment of the service was properly relied on.

A motion to quash an execution is a proceeding in the case in which the judgment was rendered. In this instance it was a proceeding in the nature of a motion to reverse the default judgment because the summons to answer the action had not been legally served. Clearly was it analogous to a motion for that purpose. No direct method of reversal on that ground is provided by statute as to cases before justices. Defendant could not appeal and contest the point of insufficient service, for his appeal would have operated as a general appearance and the point would thereby have been waived. *Wright* v. *Railroad Co., supra.* But when final process was issued in the case, he could then seek a substantial reversal of the judgment by motion to defeat that process. The motion to quash the execution was indeed a motion to reverse the judgment on the ground of the insufficient return. Then, the holding of this Court in *Anderson* v. *Doolittle,* 38 W. Va. 633, is applicable and justifies the amendment of the return of service: "It is proper, on the hearing of a motion to reverse a judgment by default for defective return of the summons in the action, to allow the sheriff to amend his return, and then overrule the motion to reverse, if the amended return be good. The amended return relates back, and takes the place of the original defective one."

An order will be entered affirming the judgment.

*Affirmed.*

POFFENBARGER, JUDGE, (*dissenting*):

I do not regard the result attained in this case as consistent with legal principles and orderly procedure. The true principles is declared in *Crowley* v. *Fisher*, 57 W. Va. 312, *Chapman* v. *Maitland*, 22 W. Va. 345, and *Price* v. *Pinnell*, 4 W. Va. 296. The general policy of the law is to save a litigant the benefit of all proper exceptions taken in due time. There can be no such thing as compulsory waiver. Voluntariness is the essential, dominant element of a waiver. The exception here presented, starting with the unfortunate suggestion in *Wright* v. *Railway Co.*, 50 W. Va. 653, is the only instance of violation of the principle, found in the jurisprudence of this state, so far as I know.

Nor do I think the error in a judgment, entered over the protest of a defendant on insufficient process or a defective return, can be cured by an amendment, for this works a compulsory waiver. Such was the reasoning of Judge Stannard in *Wynn* v. *Wyatt's Admr.*, 11 Leigh 585, in the following concise and forceful terms: "The argument presents the singular dilemma, that a party cannot free himself from the present or past effect of erroneous process, without forfeiting his right to exemption from judgment until proper process shall be sued and duly served upon him. It would subject him to judgment without any future regular process, as the consequence of his objecting the nullity and irregularity of past process." President Tucker approved this reasoning. To the same effect see *Crowley* v. *Fisher*, cited; *Chapman* v. *Maitland*, 22 W. Va. 329; *Price* v. *Pinnell*, 4 W. Va. 296; *Hickman* v. *Larkey*, 6 Grat. 210. The apparent departure from the rule in *Gauley Land Assn.* v. *Spies* may be justified by disclosure of lack of any defense. An insufficient answer having been rejected, nothing further was offered. The decisions of this Court, cited as authority for cure of such defect by amendment, were all in cases of default judgments and decrees. They do not justify the application of the rule under the circumstances of this case. Acting upon the suggestion in *Wright* v. *Railway Co.*, the defendant rested his case upon the motion to quash the return, seeing submission of his defense thereafter would be treated as a waiver of the defect. He has not been allowed to make

his defense without giving up his legal right to a sufficient return. The statute gives that right. Denial thereof by a compulsory waiver—mere coercion—is judicial legislation pure and simple.

For these reasons, I dissent.