## No. 10,053.

BERKLEY, ET AL. v. CONSOLIDATED LOWER BOULDER RESER-
VOIR & DITCH CO.

Decided May 7, 1923.   Rehearing denied July 2, 1923.

Proceeding involving the determination of water appro-
priations for irrigation.   Judgment for plaintiff.

## *Reversed.*

1. PLEADING—*Counter-claims—Defenses.*   Findings of fact being
   against the defendant on the issues involved, it is held that
   there was no error in the action of the court in permitting de-
   fenses to stand as such, but not as counter-claims, though
   pleaded as both on the same state of facts.

2. APPEAL AND ERROR—*Correction of Decree.*   Allegations of a cross-
   complaint for the correction of a water decree held insufficient,
   where it appears that the error, if any, was not clerical, but
   a mistake of the judge in exercising a judicial function in pro-
   nouncing the decree.

3. *Findings—Conflicting Evidence.*   The reviewing court can not
   set aside findings of the trial court based upon substantial con-
   flicting evidence.

4. *Reviewing Court Will not Make Findings.*   The Supreme Court
   upon review, is not required to examine the transcript, make
   findings of fact and order a decree in accordance therewith.

5: *Insufficient Findings—Practice.*   It is the duty of the trial
   court in an equity case to make sufficiently definite and specific
   findings to enable the reviewing court to determine therefrom
   whether the judgment or decree is authorized, and where there
   is a failure in this regard the case will be remanded for further
   findings.

*Error to the District Court of Boulder County, Hon. L. C.
Stephenson, Judge.*

Mr. GUY D. DUNCAN, Mr. S. HARRISON WHITE, Mr. ED-
WIN L. COATES, Mr. A. A. DAKAN, for plaintiffs in error.

No appearance for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendants are owners of irrigation priorities of water in Water District No. 6, taken from Boulder Creek, a natural stream, through a ditch originally known as Dry Creek, a former descending branch or natural channel of Boulder Creek. They, and others, use the same common headgate and the same main channel for the utilization of their priorities. Plaintiff's diverting ditch from Boulder Creek is about 8 miles below the headgate of the defendants' ditch. Plaintiff's priorities are Nos. 1 and 32, the former for 25, the latter for 97, cubic feet, per second of time. Defendant Berkley's priority is No. 11 for 15 cubic feet, and defendant, Left Hand Ditch Company, has two priorities, Nos. 36 and 38, the former for 82.8, the latter for 163.8 cubic feet.

The complaint has two causes of action: The first, in substance, alleges that at certain seasons of the year when there is a scarcity of water and not enough to supply all the priorities, the defendants, in accomplishing a conspiracy which they entered into with the division engineer and water commissioner of the district, succeeded in diverting to their use, and as against the superior rights of the plaintiff, a large volume of water of the stream to which the plaintiff at the time was entitled. Plaintiff's second cause of action alleges an abandonment by Berkley of all his priority, except three-fourths of a cubic foot per second of time, made directly after the entry of the decree of the district court of Boulder county in 1882, by which priorities to the use of water for irrigation in this district were determined.

Defendants deny, by separate answers, the material allegations of the complaint, and by nine separate and distinct defenses and counterclaims seek to overcome the case as made by the complaint, and to secure affirmative relief

for themselves.  The court sustained certain motions and demurrers of the plaintiff to the several counterclaims of the amended answers as such, but treated them as defenses. Upon final hearing before the court, and upon a large mass of conflicting evidence, the finding was for the plaintiff under its first cause of action, and, by inference from the transcript, but not by the findings, it seems that the issue of abandonment under its second cause was resolved against plaintiff; and in its favor, and against defendants, under the several defenses of the amended answers, on a similar issue.  Upon the findings was entered a decree restraining the defendants, and each of them, from the use of any portion of priority No. 11 of the defendant Berkley in times of scarcity, except what was necessary for him to irrigate therewith about 27 acres of land lying under the Berkley ditch or lateral, and forbidding a lease by Berkley to the Left Hand Ditch Company of any portion of this priority, or its use thereof on its own lands when the plaintiff needed the same under its priority No. 32.  The defendants are here with their writ of error.

The plaintiff appeared as a defendant in error, and, upon stipulation with opposing counsel, obtained nine separate orders for an extension of time for filing an answer brief. No such brief has been filed and we have been deprived of any assistance in disposing of this case from the party in whose favor the decree was rendered.  The assignment of errors consists of more than forty specifications, and under several of these are many sub-heads.  It is possible, of course, but not likely, that a trial judge in any case could commit as many substantial errors as are here assigned. We have examined this voluminous transcript sufficiently to satisfy ourselves that the court, upon conflicting evidence, was justified in its apparent conclusion that none of the priorities were abandoned, and we are convinced that its rulings upon plaintiff's objections to the counterclaims, adverse to the defendants, were right and should not be disturbed or re-opened.  Some of these counterclaims were, in varying forms, pleas of estoppel upon the ground, among

others, that the plaintiff might not avail itself of the favorable, and repudiate the unfavorable, part of the decree. Other counterclaims are largely, if not wholly, upon the claim that the plaintiff had abandoned all of its second priority, and that a clerical error was made in rendering the adjudication decree in that a larger volume of water was awarded to plaintiff than the facts before the court justified.

The court allowed the first and second so-called defenses to stand as defenses, but not as counterclaims, though pleaded as both. If the finding of facts upon these affirmative defenses, as such, was against the defendants, as it seems to be, there was no error in the ruling that they could not be considered as counterclaims because the counterclaims were based upon the same facts as the defenses. If it be true, as contended by the defendants, that they are entitled in this action to a correction of the adjudication decree to make it speak the truth by showing that the decree as rendered was not the decree which was actually pronounced by the court, the allegations of the cross-complaint making such an attack are insufficient. These allegations show that, if any error was committed, it was not a clerical error, either of the court or of the referee, but a mistake of the judge or referee in the exercise of a judicial function in making findings of fact and pronouncing a decree. Besides, the exhibits of the copies of the adjudication decree make it entirely clear that the alleged mistakes, if any, were judicial and could not be relieved against in this action. Speaking generally, we say that under the uniform practice of this Court, we can not set aside findings of a trial court upon substantial conflicting evidence; and if the findings were that no abandonment of priorities by any of the parties occurred, the decree, based thereon, ought not be reversed, as to such issues.

We are satisfied, however, that the decree should be vacated because of the uncertainty and ambiguity of the court's findings of fact. Possibly if we had received the aid of plaintiff's counsel, we might have reached a different

conclusion, but this Court upon a review, is not required to search, and to examine, the transcript to make findings of fact for itself and order a decree in accordance with its findings. It is the duty of the trial court, with the aid of counsel, to make its findings sufficiently definite and specific to enable a reviewing court to determine therefrom whether the judgment or decree is authorized. It is the prevailing practice in this Court, in reviewing decisions of the Industrial Commission, under the Workmen's Compensation Act, when the findings of fact are not sufficiently explicit, to send the case back to have them made definite. Such a practice is proper in any equitable action. In *City and County of Denver v. Brown,* 56 Colo. 216, 138 Pac. 44, a complicated irrigation case, this Court set aside, in part, the decree of the lower court because of its failure to make sufficient specific findings of fact. In *Hottel v. Poudre Valley Res. Co.,* 41 Colo. 370, 92 Pac. 918, an action to recover the unpaid value of the work of constructing an irrigation ditch, the decree of the trial court was set aside and the case remanded with instructions to the trial court to make specific findings of fact and state an account. In both cases this Court declined to sit as triers of fact and to make findings for itself. What is treated as the finding of facts here is partly a statement of the issues as made by the pleadings, in part, an opinion of the court in which its conclusions of law and fact are blended, and, in part, a finding of facts proper. Upon the question of abandonment, while the transcript discloses that the court probably intended to find that no abandonment had occurred, there is no statement of this sort in the so-called findings, nor any reference to abandonment in the decree. The decree specifically restrains defendants from receiving or using water decreed to Berkley, to flow otherwise than through the common headgate and channel of the diverting ditch, and into the separate channels or laterals of the Berkley ditch, without negligence or wilful waste, or to any greater volume than is necessary to supply Berkley's needs upon 27.8 acres of land lying under his lateral, sub-

ject to any statutory right to sell or change the point of diversion, but there is no finding as to what such volume is. The decree also enjoins these defendants from making, or attempting to make, any portion of the water of the Berkley priority do additional or double duty, or to permit waste in its use. There is no definite or specific finding that the water has been made to do double duty or that it is being wasted, although the record tends to support such a conclusion, and probably the trial court believed, and intended to find, that, under the guise of a lease by Berkley to his co-defendant of a portion of this water beyond his own needs, the real purpose was to make it do double duty during the same irrigation season, contrary to the doctrine of this Court in *Fort Lyon Canal Co. v. Chew,* 33 Colo. 392, 81 Pac. 37, and many other subsequent cases. Neither is there any specific finding that it would be a waste of water for Berkley to use his entire decreed priority upon the 27.8 acres of land, although it might be. While we are not impressed with the objections that are made by plaintiffs in error to the alleged erroneous assumptions of fact by the trial court in its findings and decree under the first cause of action, and believe that they are hypercritical, purely technical and some of them apply as fully to the defendants' own case as to that of the plaintiff, yet we are of opinion that, in the absence of sufficient proper findings of fact, the case should be sent back to the trial court with instructions to make its findings of fact specific as to all of the issues actually tried and determined by it. While we do not intend to reverse or set aside this decree and order a new trial, it should be, and it is hereby ordered that it be, vacated and the cause remanded to the district court, with instructions, upon the evidence already produced,—and if the same be not sufficient therefor, to permit the parties to produce additional evidence, bearing upon the first cause of action,—to make specific and definite findings of fact upon all issues therein, and upon the issue of abandonment in the second cause, and also upon the other issues of fact, actually tried and determined, and raised by the affirmative

defenses of the answers, and upon such findings to render the appropriate revised final decree. There shall be no additional or further pleadings. No further evidence shall be taken, except in the discretion of the trial court. The rulings on plaintiff's objections to the affirmative defenses and counterclaims of the answers shall stand as made.

Reversed and remanded.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.