No. 11,207.

SAWDEY v. PAGOSA LUMBER CO.

Decided October 19, 1925.

On motion to set aside judgment.   Motion denied.

*Affirmed.*

1.  SUMMONS—*Service—Jurisdiction.*  It is the service of summons that confers jurisdiction over the person of a defendant, not the return.

2.      *Return—Purpose.*  The purpose of a return of summons is to show service and make a record thereof, so that the court's jurisdiction will appear forever.

3.  COURTS—*Records—Amendment.*  It is the court's duty to amend its record to make it show the truth.

4.  SUMMONS—*Return—Amendment.*  It is the duty of a person serving a summons to amend his return, by leave of court, as soon as he knows that it is erroneous or insufficient.

5.  NOTICE—*Parties.*  A person who has not appeared in a court action is not entitled to notice of proceedings therein.

*Error to the District Court of. the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. ERNEST MORRIS, ROSE G. MANION, for plaintiff in error.

Messrs. DAWSON & WRIGHT, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN 1922 the lumber company had judgment by default against the plaintiff in error.  October 23, 1924, he filed a motion to set aside the judgment on the ground that the summons was not served upon him.  Affidavits were

filed pro and con on that point and the court below denied the motion.   Upon those affidavits we think the court was right in finding that the summons was actually served.

The plaintiff says, however, that the return was insufficient because made by an unofficial person and not verified by him by oath, and although a proper and amended return under oath was filed after the rendition of the judgment, yet the judgment was void for want of jurisdiction.

We cannot agree with that proposition.   It is the service that confers jurisdiction over the person of the defendant, not the return.   The return serves no purpose except to show to the court that there has been service and to make a record thereof, so that the court's jurisdiction will appear forever.   Code 1921, §§ 34, 49 and 50; *Morrissey v. Gray,* 160 Cal. 390, 117 Pac. 438, 442; *Lupkin v. Russell,* 108 Miss. 742, 67 So. 185; *Graves v. Macfarland,* 58 Neb. 802, 79 N. W. 707; *Spencer v. Rickard,* 69 W. Va. 322, 71 S. E. 711.   The same has also been held in Kansas, Oklahoma, Pennsylvania, Missouri, Oregon, South Dakota and in the federal courts. *Ranch v. Werley,* 152 Fed. 509. *Munson v. Pawnee Cattle Co.,* 53 Colo. 337, 126 Pac. 275, cited by plaintiff in error, is not in conflict with these authorities.

But the plaintiff in error says that neither the court, nor the sheriff, nor the person who served the writ has a right to amend the return.   We do not agree with that. It is the court's duty, as we have many times held, to amend its record to make it show the truth. *Sproul v. Monteith,* 66 Colo. 541, 185 Pac. 270; *Morrissey v. Gray, supra.*

We think also that it is the duty of the sheriff or the person who has acted in the service to amend his return, by leave of court, as soon as he knows that it is erroneous or insufficient.

The plaintiff in error claims that he should have been notified of the application for the amendment, but he has

not yet appeared and so was not entitled to notice. Code 1921, §§ 406, 414.

It is not necessary to notice the other objections of the plaintiff in error.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.