## No. 11,534.

## WILSON *v.* CARROLL.

Decided November 1, 1926. Rehearing denied November 22, 1926.

Action for attorney fees. Judgment for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

1.   COURTS—*Record—Amendment.* It is the duty of courts to amend their records to conform to the truth.

2.   SUMMONS—*Service.* Service of summons by acknowledgment is sufficient and gives the court full jurisdiction. If the affidavit of service is wanting or insufficient, the omission or defect is cured if the decree shows service.

3.   ATTORNEY AND CLIENT—*Mortgage Foreclosure—Sale.* Advice of an attorney that his client, the mortgagee of land, include in his bid at the foreclosure sale, the amount due for defaulting interest and taxes, although the latter was secured by chattel mortgage, approved.

4.   MORTGAGE—*Foreclosure—Publication of Notice.* Where the notice and publication for foreclosure sale of land are sufficient, title acquired thereunder is good, notwithstanding the affidavit of publication may be defective.

5.   ATTORNEY AND CLIENT—*Land Foreclosure—Duty of Attorney.* It is the duty of an attorney acting in foreclosure proceedings to see that all necessary documents are correctly prepared, and he must answer in damages for any insufficiency therein due to his neglect.

6. MORTGAGE—*Foreclosure—Title.* The purchaser at a mortgage foreclosure sale has a just cause for complaint if the affidavit of publication of notice is insufficient, thereby causing a defect in the record title, although in fact his title is good.

7. NOTICE—*Publication—Amended Affidavit.* An affidavit of publication of a legal notice may be corrected to speak the truth.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JESSE STEPHENSON, for plaintiff in error.

Mr. JAMES P. VEERKAMP, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CARROLL had verdict and judgment against Wilson for $2,737.86 attorney's fees for services in foreclosing a trust deed in court. Wilson brings error.

Wilson held notes and trust deed by certain persons named Cochran for $25,000; also a note for $684 signed by them, which was given for defaulted interest and taxes on the other notes, and was secured by chattel mortgage. The $25,000 note stipulated for ten per cent attorney's fees in case of collection by an attorney. Wilson employed Carroll, who was an attorney at law, to collect by foreclosure and agreed to pay him such amount as the court might allow upon such a stipulation. Carroll foreclosed by suit; the decree included the $684, that is, did not credit the chattel mortgage note upon the amount of the trust deed notes. It allowed $2,737.86 balance of attorney's fee, but, by a scrivener's error, the entry of decree showed a fee of only $12.50; upon foreclosure sale, however, the attorney advised his client to bid in the land for the full amount, principal, interest, taxes and costs.

Nearly two years after, without notice to the client, Carroll had the decree amended to show $2,737.86 instead of the $12.50 and thereupon brought the present suit for his fee. The defenses were, first, that the amendment was illegal; second, that the attorney had been guilty of neglect and incompetence so that (a) there was not sufficient record of the proper service to show good title in the purchaser. (b) That by his advice $684 had been included in the bid at foreclosure sale when it was well secured by chattel mortgage and might have been collected in that manner. (c) That the notice of foreclosure sale was insufficient and void. Third, that certain instructions were erroneous.

First, as to the amendment. It is the duty of the court to amend its record to conform to the truth. 1 Black on Judgments, § 32. *Sproul v. Monteith*, 66 Colo. 541, 185 Pac. 270; *Sawdey v. Pagosa Lumber Co.*, 78 Colo. 185, 240 Pac. 334. It is not stated that the amendment does not conform to the truth.

Second, as to service. (A) All the defendants in the foreclosure suit acknowledged service of summons in writing. It is not claimed that this acknowledgment is not sufficient (Code 1921, § 44), but it is claimed that the proof of this service in the record is insufficient under C. L. 1921, § 49 subdivision fourth, which provides that proof of the written admission of defendant shall be in the certificate of an officer authorized to serve summons or the affidavit of some credible witness, and it is claimed there is no such proof.

There is no question but that the service by acknowledgment was sufficient, therefore the court had full jurisdiction. *Sawdey v. Lumber Co., supra.* Wilson, however, had a right to have the record show sufficient service. If the affidavit of written acknowledgment is wanting or insufficient the record nevertheless sufficiently shows service in this case because the decree finds that all the defendants were properly served. Since there is no question that there was an actual acknowledgment of service,

and since the decree finds sufficient service, there is no error in this respect. This is a matter, if of any importance, that can now be corrected by the affidavit of any credible witness to the handwriting of the various defendants who acknowledged service.

(B) Under the evidence on behalf of Carroll we cannot say that his advice to Wilson to include $684 in his bid at foreclosure sale was not wise; indeed upon Carroll's own testimony, which we must suppose the jury took as true, we think his advice was right; but if not, there is no proof of any loss to Wilson because it does not appear that the land was not worth all that Wilson bid for it.

(C) The proof of publication of notice of foreclosure sale is claimed to be insufficient. It is as follows:

"Affidavit of Publication

"I, M. R. McLaughlin, of the San Juan Prospector, a newspaper, published weekly, for a period of more than one year at Del Norte, Rio Grande County, Colorado, do solemnly swear that a copy of the attached clipping was published in the regular and entire issue of said newspaper, and not in any supplement thereof, for five consecutive weeks, commencing with the issue dated February 10, 1922, and ending with the issue dated March 10, 1922.

"M. R. McLaughlin,

"Subscribed and sworn to before me this 13th day of March, 1922.

Seal.                    "William S. Johnson.

"My commission expires May 13, 1924."

Whether the affidavit is sufficient or not, the sale and the title under it are good because there is no question but that the newspaper was qualified and the notice and publication thereof were sufficient. C. L. § 5399, which plaintiff in error relies on, is, then, not in point, and since the title is good, Wilson's only valid complaint is that the affidavit is insufficient and that therefore the

record does not show a good title under the foreclosure sale. That complaint is well founded.

The present affidavit does not show that the affiant is either printer, editor, publisher or proprietor of the newspaper, or that he is competent to state the essential facts, as required by C. L. § 5397, nor does it state that such notice or advertisement was published in a newspaper duly qualified under this act.

It was the duty of the attorney to see that this was correctly done and if its insufficiency was due to his neglect, whether that neglect was the result of his ignorance, incompetency or inattention, he must answer in damages to be deducted from his fee.

The insufficiency of this proof of publication is a matter easily corrected by the filing of an amended affidavit, because, like other matters of record, it may always be corrected to speak the truth; consequently the damage probably has been light.

Third. We find no error in the instructions. It is claimed that instruction No. 4 would justify the jury in finding for the plaintiff on the counterclaim even though he were incompetent, if he was not negligent. Possibly the instruction is open to such a construction, but since we are remanding the case for a new trial upon the only point on which the evidence shows any neglect or incompetence, the error, if it is an error, is inconsequential.

The other objections to instructions are sufficiently disposed of by what we have already said.

The judgment is reversed. All proceedings affirmed except those with reference to damages for neglect, if any, in regard to the affidavit of publication; as to that the case is remanded with directions to retry only the question whether there was such neglect, and, if so, what damages, and to deduct them from the former verdict and render judgment accordingly.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.