No. 15,595.

BASE LINE LAND AND RESERVOIR COMPANY *v.* BOULDER
AND WELD RESERVOIR COMPANY ET AL.
(182 P. [2d] 898)

Decided June 23, 1947.

Mr. F. S. LUETHI, for plaintiff in error.

Mr. J. S. SCHEY, Mr. T. D. SCHEY, JR., for defendants
in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Base Line Land and Reservoir Company, a corporation, began an action on July 19, 1941, to obtain an
order for the correction of an adjudication decree entered·
by the district court of Boulder county for Water District

No. 6, Irrigation District No. 1 of the state of Colorado, on June 21, 1926, and named as defendant the Boulder and Weld Reservoir Company, a corporation. Subsequently, it appearing that Six Mile No. 2 Reservoir Company was a necessary party to the litigation, it was joined as a party defendant. At the conclusion of all the evidence, the court entered its judgment dismissing the action, to review which plaintiff comes here by writ of error.

The court in its adjudication of June 21, 1926, adjudged and decreed that the priority of plaintiff company's reservoir should be "Reservoir Priority No. 8, Third Series, * * * to date from the 4th day of November, 1904," while the Boulder and Weld Reservoir Company was awarded "Reservoir Priority No. 7, Third Series, to date from the 31st day of May, 1904," for its Panama Reservoir No. 1. It is the contention of plaintiff that there is a clerical error in the decree which necessitates a correction so as to provide that its reservoir priority should be No. 7, Third Series, as of date November 4, 1903, and that a correction should be made showing that the priority of the Panama Reservoir No. 1 of Boulder and Weld Reservoir Company should be No. 8, Third Series, as of date May 31, 1904.

Plaintiff alleged that it is the owner of Base Line Reservoir located in Water District No. 6, Irrigation Division No. 1, state of Colorado, and that the defendant is the owner of Panama Reservoir No. 1, located in said district and division; that theretofore in a water adjudication proceeding a decree was entered awarding to Panama Reservoir No. 1 priority No. 7, Third Series, of date May 31, 1904. That in said proceedings plaintiff filed its statement of claim for Base Line Reservoir in which it alleged that construction work on said reservoir was commenced by a survey thereof on November 4, 1903, and thereafter pursued with reasonable diligence, and that the referee and court so found and awarded it Reservoir Priority No. 8, Third Series, dating from November 4, 1904, whereas, as a matter of law and fact, the

decree should have awarded Priority No. 7, Third Series, dating from November 4, 1903, to plaintiff's reservoir; that in awarding Panama No. 1, Priority No. 7, dating from May 31, 1904, and in awarding plaintiff's reservoir Priority No. 8, Third Series, dating from November 4, 1904, a clerical error in the drafting of the decretal order was made through inadvertence. Plaintiff prays that the decree by now corrected so as to give its reservoir Priority No. 7, Third Series, as of date November 4, 1903, and Panama Reservoir No. 1, Priority No. 8, as of date May 31, 1904.

Defendant, answering, alleged that under the findings and decree the referee found and the court judicially determined that the construction of plaintiff's reservoir was commenced on the 4th day of November, 1904, and that it was entitled to Priority No. 8 therefor, as of that date. It further alleged that in awarding Panama Reservoir No. 1 Priority No. 7, as of date May 31, 1904, the court made a judicial determination. Defendant further pleaded the four-year and two-year statutes of limitation and also laches; but a determination of the questions raised by these defenses is unnecessary.

Plaintiff, replying, alleged that the error in the findings and decrees was not discovered by it until March, 1914 (1940) and that a correction of the decree will not injuriously affect the rights of defendant.

The record discloses that in 1914 there was a proceeding pending in the district court within and for Boulder county for the adjudication of priorities of water rights in Water District No. 6, Division No. 1, state of Colorado, in which proceeding plaintiff filed its statement of claim. It appears therefrom that plaintiff was the owner of a reservoir in said district, the construction of which began on November 4, 1903, and under which statement of claim it asserted the right to the use of certain waters for irrigation purposes.

From the record, as well as from the testimony, it appears that the referee before whom hearings in the

water adjudication matter were had prepared and submitted to the court findings and decrees. In reference to Base Line Reservoir, the referee found, inter alia, and subsequently the court approved his findings, "Work of construction of this reservoir [was commenced] on the 4th day of November 1903, and was prosecuted with reasonable diligence to completion." The date November 4, 1903, appears twice in the findings. However in the decree is the statement that claimant is entitled to a decree for its Base Line Reservoir for "Reservoir Priority No. 8, Third Series; * * * the appropriation of which water may be deemed to have taken effect on and said Priority No. 8, Third Series, to date from the 4th day of November, 1904." The record and testimony disclose that Priority number "No. 8" and the year "1904," appearing in the decree, were written therein with a different typewriter, clearly indicating that the referee, in preparing the findings and decree and submitting the same to the court, left those items and spaces therefor blank. From the above statements, it is apparent that we are here confronted with a decree that is wholly inconsistent with, and does not follow, the findings of fact; it stultifies itself. The question then posed is whether the discrepancy between the findings and the decree is due to a clerical, or judicial, error. If the error is judicial, considering the fact that the decree at the time this action was commenced had been in force for fifteen years, all applicable statutes of limitation preclude its correction; otherwise if clerical because, if such, the court always retains jurisdiction to amend or correct the record so as to make it speak the truth. *Pleyte v. Pleyte*, 15 Colo. 44, 24 Pac. 579; *Doane v. Glenn*, 1 Colo. 454; *Bessemer Irrigating Co. v. West Pueblo D. & R. Co.*, 65 Colo. 258, 176 Pac. 302; *First Nat. Bank v. Van Gilder*, 72 Colo. 164, 210 Pac. 74; *Berkley v. Cons. Lower Boulder R. & D. Co.*, 73 Colo. 483, 216 Pac. 548; *Wilson v. Carroll*, 80 Colo. 234, 250 Pac. 555; *Schattinger v. Schattinger*, 80 Colo. 261, 250 Pac. 851; *Wright v. Muehlberg*,

78 Colo. 461, 242 Pac. 634; *Weydeveld v. Weydeveld,* 100 Colo. 301, 67 P. (2d) 72; 10 A.L.R. 526; 67 A.L.R. 829; 126 A.L.R. 956; 49 C.J.S., p. 449, §237.

The court found, and there was evidence to support the finding, that the decree awarding plaintiff Priority No. 8, Third Series, dating from November 4, 1904, was followed by the administrative officers in the distribution of irrigation waters. The court also found by an examination of the record in the 1926 adjudication proceedings that the paging of the decrees and priorities clearly indicated an intention on the part of the court to adjudge plaintiff's priority as junior to that of defendant. Defendant's priority, being No. 7, preceded plaintiff's priority, which was No. 8. In the final decree entered in the 1926 adjudication proceedings, the projects and awarded priorities were arranged, folioed and signed in sequence with defendant's decree preceding that of plaintiff. It appears that the referee who officiated in the water adjudication here involved is dead. The court found that the referee's report with the recommended form of decree was filed on April 5, 1926, and notice thereof given all interested parties for the purpose of affording them an opportunity of presenting any objections which they might have thereto. It is clearly apparent in the decree in question that an erasure and insertion was made in the space where the year "1904" now appears. In the original decree it also is apparent that the year "1904" and priority "8" were written on a typewriter other than the one used in writing the other portions of the findings and decree. It further appears that the findings are inconsistent with the decree, for in the findings it is stated that the work of construction on plaintiff's reservoir was commenced on November 4, 1903, and prosecuted with diligence, and by a conclusion of law set out therein there is a statement to the effect that plaintiff is entitled to a decree for its reservoir as priority No. 8 dating from November 4, 1903. Then in the decree the priority is fixed as Priority No. 8 according to the conclusions of law, but in estab-

lishing the date, we find that it is fixed exactly one year later, to wit, the year 1904.

From an examination of the original decree of date June 21, 1926, and testimony, the trial court stated: "that the original typewritten draft or recommended decree by the referee as to this [Base Line] and other reservoirs left blanks to be filled in as to the sequence and priority numbers to be given the respective ditches and reservoirs, and that these blanks had been later filled in using a different typewriter, and that the Base Line Reservoir priority blank was filled in as 'No. 8' and the corresponding blank in the decree as to defendants' Panama Reservoir No. 1 was filled in as 'No. 7,' the date awarded the latter being May 31, 1904. Further, the page numbers at the bottom of the typewritten pages of the decree indicate that the original typed sequence of reservoirs was arranged differently than the sequence as recommended by the referee and adopted by the Court, and that the final sequence of the separate findings and decrees as to the several reservoirs was consecutive and chronological in accordance with the priority numbers, the first in priority awarded being first in the sequence. The Panama Reservoir No. 1, awarded Priority No. 7, is placed in the decree immediately ahead of the Base Line Reservoir with Priority No. 8. Thus, not only the priority numbers given as required by the statute, but also the usual assembly and sequence of reservoirs in the final decree would indicate a judicial determination and intent to award the Panama a priority ahead of the Base Line. And it would seem that such arrangement and sequence and numbering of priorities should not escape the notice of the parties appearing in the proceeding, including the present plaintiff as an active claimant in that proceeding, even if a typewritten date might have escaped notice."

The court further found: "On the whole the evidence does not show by a preponderance that there was an obvious error as claimed by plaintiff, or that such error

554

was merely clerical. And on the other hand, a preponderance of the evidence, disclosed in the records themselves, shows that any substantial error, if there was such, was of a judicial nature. That being true, this present action must fail."

██ Whether the error was clerical or judicial was a fact to be determined by the trial court, and it having found that the error was judicial, and there being competent evidence to support the finding, the judgment will not be disturbed.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.