No. 11,343.

WRIGHT v. MUEHLBERG

Decided December 14, 1925.   Rehearing denied January 11, 1926.

Action for damages resulting from an automobile accident.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  STATUTES—*Knowledge.*  Every person within the borders of the state is bound to take cognizance of an authorized compilation of the laws.

2.  *Title—Constitutional Law.*  Chapter 121, S. L. '21, re-enacting section 5964, C. L. '21, held not unconstitutional on the ground that the subject is not clearly expressed in the title.

3.  *Amendment—Title.*  It is sufficient for the title of an act to amend a statute, to specify the section to be amended without giving the title of the chapter or division to which it belongs or in any way indicating the subject matter of the section. Under such a title, any legislation is proper which is germane to the section specified.

4.  *Title—Constitutional Law.*  The title of the original body judgment act (Gen. Laws, 1877, p. 573) held not repugnant to section 21, article 5 of the Constitution, providing that the subject of an act shall be clearly expressed in its title.

5.  JUDGMENT—*Correction Nunc Pro Tunc.*  It is the duty of a court to correct errors in its records arising from inadvertence, and the clerical errors of its officers, and make the record speak the truth, even correcting a judgment after the term.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. J. C. DUNN, for plaintiff in error.

Mr. D. L. WEBB, Mr. H. BERMAN, for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE plaintiff below had judgment against the plaintiff in error for damages resulting from the reckless driving of an automobile, and in rendering judgment the court awarded, under section 5964, C. L. 1921, an execution against the body of the defendant, upon the finding of the jury that the defendant was guilty of driving the automobile with a reckless and wilful disregard of the rights and safety of others.

As we understand counsel, one of his contentions is that the title of the amendatory act (S. L. 1921, page 310), re-enacting section 3024, R. S. 1908, which is now section 5964, C. L. 1921, is insufficient, under the mandate of section 21 of article 5 of the Constitution, which provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The title of the amendatory act reads "An Act to amend Section 3024 of the Revised Statutes of Colorado of 1908." The amendment was made by re-enacting the section as a whole and inserting therein the amendatory clause "or negligence consisting of a reckless or wilful disregard of the rights or safety of others." This amendment was germane to the section specified in the title, and we have many times held that this provision of the Constitution is to prevent surprise and deception, through legislation pertaining to one subject under a title relating to another. It is inconceivable how surprise, deception or fraud could be occasioned by a title to a bill

specifically designating a section of an authorized compilation of the laws of the state, of which every person within the borders of the state is bound to take cognizance. The law is clearly stated in 1 Lewis' Sutherland Statutory Construction (2nd Ed.) 239: "It is held by the great majority of cases that it is sufficient for the title of an act to amend a code or revision, to specify the section to be amended, without giving the title of the chapter or division to which it belongs or in any way indicating the subject matter of the section. Under such a title any legislation is proper which is germane to the section specified."

Plaintiff in error further challenges the constitutionality of the section by attacking the sufficiency of the title of the original act of 1877 (Gen. Laws, p. 573) relating to body judgments. The title of that act reads: "An Act to repeal sections 67 and 68 of Chapter 50 of the Revised Statutes of Colorado relating to the attachment of the body and issuing executions against the body of a defendant in civil actions, and to enact other provisions in lieu thereof, and to release all persons now under arrest or confined in jails in virtue of such process issued in civil actions." This court has heretofore determined the constitutionality of this title by an opinion by Mr. Justice Denison in *Erisman v. Mc-Carty*, 77 Colo. 289, 236 Pac. 777.

Plaintiff in error challenges the jurisdiction of the court to enter judgment nunc pro tunc, after the expiration of the term, correcting a mistake of the clerk in omitting to embrace all of the findings of the verdict in the first judgment which the court had ordered entered in accordance with the verdict. We have held that it is the duty of the court to correct errors in its records arising from inadvertence, and the clerical errors of its officers, and make the record speak the truth, even after the term. *Doane v. Glenn*, 1 Colo. 454; *Sproul v. Monteith*, 66 Colo. 541, 185 Pac. 270; *Bessemer Co. v. West Pueblo Co.*, 65 Colo. 258, 176 Pac. 302.

In the case before us, the three verdicts returned by the jury were in effect one verdict, and the court ordered judg-

ment entered in accordance with the verdict of the jury. The clerk omitted therefrom the entry of a body judgment. The mistake and omission was manifest from the record. The uncorrected judgment was clearly a stultification of the record. It was the duty of the court to correct the record and make it speak the truth. The entry of judgment nunc pro tunc was right.

The application for a supersedeas is denied and the judgment affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL not participating.