## No. 11,200.

## CLARK *v.* GIACOMINI.

Decided January 25, 1926.   Rehearing denied February 15, 1926.

Action for damages for fraud and deceit in the sale of corporate stock.   Judgment for plaintiff.

### *Reversed.*

1.   FRAUD—*Material Misrepresentations.*   False representations in a stock sale transaction, that other successful business men had subscribed for stock in the enterprise, and that they had purchased large blocks, when in fact they had taken smaller amounts, held material misrepresentations.

2.   *Stock Sales—Notes—Payment from Dividends.*   In an action for fraud based upon a stock sale transaction, an alleged oral agreement that the notes given in payment for stock could be paid out of the dividends accruing thereon, held immaterial, because such an agreement would be against public policy, and could not, as against the notes, be proved by oral testimony.

3.   PLEADING—*Fraud—False Representations.*   In an action for fraud for false representations, a complaint which alleges a material statement which is false, known by defendant to be false, made to deceive, believed, relied on, and acted on by plaintiff to his damage, states a cause of action.

4. FRAUD—*Verdict.* Special finding of a jury in a fraud case "that in committing the tort complained of, defendant was guilty of fraud and willful deceit, *consisting of a willful disregard of the rights of the plaintiff*," held bad. The italicized words should have been omitted.

5. STATUTES—*Construction—Body Execution.* In section 5964, C. L. '21, the words "consisting of a reckless or willful disregard," etc., qualify the word "negligence, and not the words "fraud or willful deceit."

6. JUDGMENT—*Body Execution—Constitutional Law.* The contention that that part of section 5964, C. L. '21, concerning imprisonment for debt, is unconstitutional because the title does not clearly state the subject of the act, overruled.

7. *Body Execution—Exemption—Pleading.* In an action for fraud, where plaintiff asks for a body execution, if defendant claims he has been convicted for the same act as a crime, and is therefore exempt from punishment for tort, he should plead the facts showing such defense.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. DANFORTH & KAVANAGH, for plaintiff in error.

Messrs. ALLEN, WEBSTER & DRATH, Mr. LAWRENCE GIACOMINI, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GIACOMINI was plaintiff below and had verdict and judgment against Clark in an action for deceit, with a special finding of fraud and willful deceit and an order for capias. The alleged deceit was false statements which induced the purchase by plaintiff of 900 shares of stock in the Industrial Sugar Company. The complaint alleged and the evidence tended to show various false representations, but the instructions submitted to the jury but two which are

the only ones necessary for us to consider, viz: That defendant stated that one J. P. Dillon had purchased $20,000 of such stock and one Scalva $5,000 thereof; and that he stated that he (Clark) "had obtained authority from" the company's "officials in Denver to the effect that the nine thousand dollars in notes of the plaintiff (given in payment for the stock) could be paid out of dividends accruing on the 900 shares of stock purchased by plaintiff." Dillon and Scalva had actually purchased much less than was represented.

The representation concerning the amounts purchased we think was a material representation. They were shown to be men of some repute as wise and successful business men. One of the things an ordinary investor usually relies on is the judgment of those whom he thinks wiser than himself, especially if they have the standing of successful business men. It is an important factor to him in his consideration of the investment. It may be and often is the turning of the scale in favor of his purchase and is made to that end; it is to him, and actually evidence of value and, therefore material. And a statement that they had purchased a large amount is more persuasive than a smaller and therefore is also material. There is some evidence that the plaintiff did not rely on defendant on this point but made separate inquiry of Dillon and perhaps others (26 C. J. 1162, § 75,), but we do not notice this matter because the case is reversed on other grounds.

The representation of authority to agree to payment of the notes out of dividends, however, was not a ground of action. It was immaterial unless there was such an agreement in other respects valid; but such an agreement is both against public policy and cannot, as against the notes, be proved by parol. *Faris v. Beck,* 74 Colo. 480, 483, 222 Pac. 652; *Barnard v. Sweet,* 74 Colo. 302, 307, 221 Pac. 1093. There was no attempt to prove such agreement by writing, there is, therefore, no proof of such a contract. This point was raised by requests for instructions which were refused and by objection to the evidence. Since it

was left to the jury and may have been the basis of the verdict, the case must be reversed. It may be noted that the stock was subscribed for by plaintiff, not purchased as treasury stock.

The complaint, though it contains much unnecessary matter, is sufficient as to facts. There was, as shown above, at least one material statement, which, it is alleged, was false, known by defendant to be false, made to deceive, believed, relied on, and acted on by plaintiff to his damage. That is enough.

The verdict, as to the special finding, was bad. It was "that in committing the tort complained of, the defendant was guilty of fraud and willful deceipt, consisting of a willful disregard of the rights of the plaintiff." The last eleven words spoil it. Fraud and willful deceit were enough without more, but fraud and willful deceit consisting of disregard means nothing. There was perhaps a misconception of the meaning of the statute, C. L. 5964, where the words "consisting of a reckless or willful disregard, etc.," qualify the word "negligence," and not the words "fraud or willful deceit." The abstract, however, shows no objection or exception to the verdict.

We do not find that any attempt was made to show that defendant knew that Dillon and Scalva had not bought the amounts he stated or that he spoke with reckless disregard of the truth on that point. If such proof is wanting that is another ground for reversal.

It is urged that the statute for imprisonment for debt is unconstitutional because the title does not clearly state the subject of the act. This was determined upon careful consideration in *Erisman v. McCarty*, 77 Colo. 289, 236 Pac. 777, followed in *Wright v. Muehlberg*, 78 Colo. 461, 242 Pac. 634. The act is constitutional. If defendant claimed he had been convicted for the same act as a crime and so was exempt from punishment for the tort, he should have pleaded it.

Since the judgment is reversed on other grounds the sufficiency of the evidence need not be considered.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS, sitting for MR. JUSTICE WHITFORD, concur.

### On Rehearing.

The motion for rehearing shows that counsel for defendant in error have misunderstood that part of the opinion which refers to the alleged false representation of authority to agree that the stock could be paid for out of its own dividends.  We thought we had made it clear that such representation was not material because:  (1) Such an agreement would be against public policy; (2) such an agreement, if parol, would vary the contract of purchase, and so could not be proved; and, (3) no such agreement was proved.

Rehearing denied.