No. 11,677.

MULLER *v.* GUINN.

Decided April 18, 1927. Rehearing denied May 9, 1927.

Action for cancellation of sale of house. Judgment for defendant.

*Affirmed.*

1. FRAUD—*Misrepresentations.* In an action to cancel sale of a house for alleged misrepresentations concerning corporate stock taken as part of the purchase price, it appearing that plaintiff did not rely wholly upon defendant's statements, but made independent investigations, it is held that he could not maintain an action for deceit.

*Error to the District Court of the City and County of Denver, Hon. J. C. Starkweather, Judge.*

Mr. L. J. STARK, for plaintiff in error.

Mr. F. J. KNAUSS, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

Muller brought suit against Guinn to cancel the sale of a house for deceit. He was defeated and brings error. The judgment must be affirmed.

The ground of the action was false representations by Guinn concerning certain corporate stock which was part of the purchase price of the house. The company was insolvent.

It appears that plaintiff did not rely wholly on defendant's statements, but made independent investigation and then closed the deal. In such case he cannot main-

tain an action for deceit. 2 Pom. Eq. Jur. (4th Ed.) §§ 893–895; *Pestal v. O'Donnell,* 81 Colo. 202, 254 Pac. 764; *Moore v. Carrick,* 26 Colo. App. 97, 106, 140 Pac. 485. There was no fiduciary relation between the parties, there was no fraudulent prevention of investigation, nor any perversion thereof as in *Clark v. Giacomini,* 78 Colo. 551, 243 Pac. 620, and no peculiar knowledge on defendant's part was shown. We cannot approve the argument of plaintiff in error that the fact that defendant was an employee of the company in question requires the conclusive presumption that he had peculiar knowledge of its insolvency, and there is evidence that he had not.

These considerations make it unnecessary to mention the other points so ably argued in the briefs.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.