No. 16,651.

MICKLE *v.* MICKLE.
(239 P. [2d] 988)

Decided January 14, 1952.

Mr. WILLIAM ALAN BRYANS, for plaintiff in error.

Mr. STEVENS PARK KINNEY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN an action for divorce, wherein plaintiff in error was plaintiff and will be so referred to herein, she was granted, in a noncontested hearing, an interlocutory decree on January 7, 1950, on the grounds of extreme and repeated acts of cruelty. A final decree of divorce was entered July 8, 1950, in which final determination of property rights was reserved and a hearing thereon set for September 8, 1950.

Informal hearings were had and the court entered its decree of property division. It is here contended by plaintiff that this property division was inequitable and not according to the evidence in the case. Defendant, without saving any exceptions to the decree or perfecting a review, has here filed a cross specification of points, also displaying dissatisfaction with the decree.

Ordinarily we would be inclined to follow the finding and determination of the trial court if it could be said to have support in the evidence; however, here the record discloses that the only testimony under oath was that of plaintiff. This condition prevailing, there is no conflict in the sworn testimony, which, if accepted on its face, should result in a more favorable decree for plaintiff.

We are not, by anything said herein, leveling any criticism at the trial judge for the informal manner in which he heard the unsworn statements of witnesses and counsel, and we assume that his finding was based upon these statements, together with the testimony of plaintiff. It is well known that the disposition of these domestic difficulties try the patience of our courts, and difficulty attends in arriving at a fair and equitable solution. However, from a study of the record as made here and eliminating statements of defendant in error's counsel supplied to take the place of evidence in the case, we find room for plaintiff's dissatisfaction with the decree of settlement. The fact that a decree of divorce was entered in which it was determined that defendant had been guilty of extreme and repeated acts of cruelty

did not, of course, in itself, work a forfeiture of his property rights; however, neither did it commend him to be a recipient of the lion's share.

Since both parties are dissatisfied, according to their contentions here, we believe it will be for the best interests of all concerned that the judgment be reversed and the cause remanded to the trial court for a rehearing at which all parties testifying will be under oath and the court will then give full consideration of all matters presented, including what is claimed to be owing from the parties hereto to plaintiff's mother and also the matter of the lien of defendant's attorneys, filed in the case.

Nothing said herein is to be construed as substituting our finding for that of the trial judge, since another hearing as outlined herein may not substantially change the trial court's finding, but the new judgment will be grounded upon sworn testimony and other admissible evidence.

The judgment is reversed and the cause remanded with directions as herein indicated.