No. 16,831.

Kleiger *v.* Kleiger.

(254 P. [2d] 426)

Decided February 16, 1953.

Mr. James E. Griffith, Mr. Philip Hornbein, for plaintiff in error.

Mr. Max P. Zall, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

Plaintiff in error, Evelyne C. Kleiger, plaintiff below, and Bert H. Kleiger, defendant below, were formerly husband and wife.

In May, 1950 plaintiff instituted an action for divorce from defendant and prayed for alimony temporary and permanent, and a property settlement. In June, 1950 an interlocutory decree of divorce was entered in this action. Upon the trial a written contract between plaintiff and defendant was received in evidence and formed the basis for the property settlement award and alimony decreed to be paid to plaintiff. By this agreement the parties stipulated that the plaintiff should receive $260.00 per month, tax free, as temporary and permanent alimony, and as a property settlement she was to receive $12,000 to be paid at the rate of $50.00 per month, together with nominal interest on deferred payments. Plaintiff also received the household goods, certain cash and other personal property. Defendant obligated himself to keep in full force certain life insurance policies aggregating $10,000. The terms of the stipulation were embodied in the interlocutory decree.

In October, 1950 plaintiff filed a motion to set aside the property settlement, alleging that the stipulation and agreement therefor was "unjust, inequitable and unconscionable," and she asked that the trial court "make a just and equitable division" of the property of the parties. After a full and complete hearing the trial court denied this motion, and plaintiff brings the case here specifying as error that the trial court incorrectly evaluated the evidence, and asserting the record shows that the defendant misrepresented his financial condition, and willfully concealed material facts in regard to the value of a certain jewelry business which he conducted.

This jewelry business was operated in the name of a corporation, of which defendant was the president, and plaintiff was its secretary and treasurer. For a considerable period of time plaintiff worked for the company and received a salary for her services. Defendant also drew a salary from the corporation, which salary he turned over to plaintiff and it was placed in a joint

account, with defendant receiving only necessary pocket and expense money. All other funds were disbursed by plaintiff. The record discloses that lengthy negotiations preceded the execution of the contract and stipulation regarding alimony and property settlement, and in these negotiations plaintiff was represented by able counsel.

Counsel for plaintiff in the prosecution of the writ of error herein have set forth in their brief an attack on the former attorney for plaintiff. Such attack is entirely without merit. Nothing disclosed by the record casts the slightest suspicion upon plaintiff's former counsel. In fact the record discloses that plaintiff referred to her former counsel as her "fighter" and her designation was entirely proper, as he secured for her a stipulation which met with her approval, and was all that could be reasonably expected in such a transaction. The evidence discloses that when this settlement had been completed all the defendant had was a bedroom set and stock in the corporation, which business for the calendar year 1950 sustained heavy losses.

Before plaintiff made the settlement which she complains of, she not only sought and had the advise of her attorney, but also consulted with and had the advice of her sister and brother-in-law. She sought advice and cannot now be heard to say that she relied on what defendant said in the negotiations, particularly when she knew every asset of defendant and every dollar he owned. *Muller v. Guinn,* 81 Colo. 358, 255 Pac. 627.

From a careful examination of the record it cannot be said that plaintiff relied on anything defendant said or did. At the time she made her settlement, defendant was quite heavily in debt, and it is evident that plaintiff was primarily interested in her allowance of alimony which the trial judge found "was generously resolved in favor of the plaintiff, and was a prime consideration in this settlement."

At no time during the negotiations, preliminary to the execution of the settlement between the parties, did the

89

plaintiff suggest or ask for a division of the stock in the corporation. She wanted an agreement for the payment of cash, and suggested that she be paid $15,000, and finally compromised the matter by accepting the agreement for payment of $12,000. It definitely appears that defendant was the moving spirit in the corporation; that the company was at the time of these negotiations losing money, and it is apparent plaintiff did not desire to assume any risk with reference to the further solvency of the corporation.

The sole question presented on this review is whether defendant misrepresented, concealed, overreached or practiced fraud on the plaintiff. After a very complete hearing this question was resolved definitely by the trial court in favor of defendant. It is apparent from the record that plaintiff knew all of the assets which defendant owned, and of the obligations he had to meet.

The trial judge, in denying relief to the plaintiff, said: "Said property settlement agreement was entered into by the parties under full negotiations based on knowledge of and disclosure of the facts and circumstances of the parties equally well-known to both." He also found "the plaintiff was ably represented by counsel and adequately advised as to her rights in the premises." Matters of alimony and property settlement between husband and wife are within the sound discretion of the trial judge, and if supported by evidence will not ordinarily be disturbed on review. *Gonzales v. Chinn,* 121 Colo. 126, 214 P. (2d) 371; *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016.

The judgment is affirmed.