No. 17,680.

FLOYD V. McPHEETERS *v.* EVELYN N. Y. McPHEETERS.
(287 P. [2d] 959)

Decided September 19, 1955.

Mr. JOHN R. WALL, for plaintiff in error.

Messrs. SEAVY & SEAVY, for defendant in error.

· *En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error is herein referred to as the husband, and defendant in error is referred to as the wife.

The husband filed his complaint in divorce on July 22, 1953. No interlocutory decree in divorce has yet been entered in the action, nor does an explanation of the delay appear in the record or briefs in this action.

An order for temporary alimony was entered October 31, 1953, which order provided that the husband pay the wife $60.00 per month. A later stipulation was entered into between the parties providing for payment of $35.00 per month as alimony for the wife. On March 1, 1955, the trial court, on application of the husband, modified the alimony payment stipulated by the parties, reducing the payment to $15.00 per month, together with $10.00 to be applied on payments in arrears. On this date the husband testified he was current on all payments due to that date.

From the order of March 1, 1955 the husband brings the cause here on writ of error, urging that this order is "excessive and an abuse of discretion."

It appears from the record that this couple were married many years ago; that the husband was employed for a long time as a jailer in Pueblo, and in November, 1954, lost his job. He claimed he was without funds to pay any support money for his wife; admitted he was eligible for social security, and would doubtless obtain it, the amount thereof being in doubt, but it would be "about $75.00" per month.

It is fundamental that the question of the

amount of alimony awarded rests in the sound discretion of the trial judge if supported by competent evidence. *Kleiger v. Kleiger,* 127 Colo. 86, 254 P. (2d) 426. The award when made will not be disturbed or modified by this Court in the absence of a showing of abuse of discretion on the part of the trial judge. A careful consideration of the record here presented fails to show an abuse of discretion. Surely an award of fifty cents per day for the support of the wife, together with an additional allowance of $10.00 per month to apply on payments in arrears under the former stipulation of the parties cannot be construed as an abuse of judicial discretion. Where, as here, the husband institutes a suit for divorce, he must support his wife pending the litigation, and a plea of poverty will not avail him in an attempt to avoid such obligation. The trial court, of course, in making the order considered the financial condition of the husband; the necessities of the wife; together with the position of the parties, and from these and all attendant circumstances made its award. Having made such an award, upon competent evidence, and the record disclosing no abuse of discretion, we may not vacate or modify an order thus entered by the trial court.

The judgment is affirmed.