No. 18,253.

Dewey Drake *v.* Ida A. Drake.

(333 P. [2d] 1038)

Decided January 12, 1959.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiff in error.

Mr. Frank A. Bruno, Mr. V. G. Seavy, Jr., for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to plaintiff in error as the husband and to defendant in error as the wife.

The wife commenced an action for divorce in which the husband denied the acts of cruelty charged against him and by counterclaim prayed that he be granted a divorce on the grounds of extreme and repeated acts of cruelty allegedly committed by the wife. Trial was had to a jury which found the issues in favor of the wife.

Thereafter interlocutory and final decrees were entered. A motion was filed by the wife for a division of property. When this motion was heard the only evidence offered in connection therewith was the testimony of the wife and the husband. The judgment of the court entered at the conclusion of the hearing was as follows:

"The Court having had this matter under advisement, and having considered the matter carefully and reviewed the evidence makes the following finding:

"That the plaintiff and defendant have been married for a period of thirty-seven years, and that the plaintiff bore the defendant two fine children, and that during all the years of her married life, except for the time out for bearing the children, she worked hard both inside and outside the household and that a good part of her hard-earned money was applied to build up the assets which the two parties have now accumulated. Indeed, she was working many years when the defendant, himself, was not productive at all from the standpoint of employment or as the provider for the household. And she has proved that she richly deserves anything the Court may award her.

"IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED, that the plaintiff be given the family home located at 2847 West 37th Avenue, Denver, Colorado, as her sole and separate property, together with the furniture and furnishings therein, and that the defendant shall sign a quit claim deed conveying all his right, title, and interest thereto. In the event the defendant fails to so execute the deed as aforesaid, the Clerk of the District Court is appointed Commissioner to make the necessary conveyance.

"Each party shall have as his or her sole possession whatever monies are in his or her bank accounts.

"The automobile now in possession of the plaintiff will be retained by her as her sole and separate property, and those in possession of the defendant will be retained by him as his sole and separate property.

"Permanent alimony will be denied in this case, and each party will pay his or her own attorney's fees and court costs.

"Motion for new trial or rehearing is dispensed with and if filed would be overruled. Parties have sixty days from December 21, 1956 to tender the record.

"DONE IN OPEN COURT this 9th day of January, A.D. 1957.

BY THE COURT:

/s/ Joseph E. Cook

Judge."

The husband, being dissatisfied with the judgment entered upon the subject of property division, seeks review by writ of error.

Counsel appearing here in behalf of the husband did not represent him in the trial court. They assert in their brief that they are aware of "the general rule that a division of property in a divorce action is within the discretion of the trial court and will be set aside only if the ruling is arbitrary or oppressive." It is argued on behalf of the husband that the division of property ordered by the trial court in this action was "arbitrary and resulted oppressively to defendant." Upon careful consideration of the record before us, we are unable to say that the court abused its discretion or acted arbitrarily in the matter.

■ In essence, the argument of counsel for the husband is that the trial judge should have believed his testimony rather than that of the wife. There was ample competent testimony to support the findings of the trial court. As a complete answer to the contention of counsel for the husband we deem it sufficient to quote from *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 663, the following pertinent language:

"Difficulty attends in arriving at a fair and equitable solution of matters of this kind, and the consideration thereof presents situations which in nearly every case try the patience of our courts. The instant case was tried

by a seasoned judge with wide and varied experience in the field of domestic relations. The record discloses nothing which indicates, even remotely, an abuse of the judicial discretion vested in the trier of facts. He patiently heard all the evidence submitted by the parties, observed the witnesses, considered the testimony, the exhibits and affidavits offered, and after mature deliberation made his order and decree.

"If we were preparing a decree in this case we might have made other disposition of the property involved, and perhaps might have entered a different order for permanent alimony. We do now, however, regard the conclusions of the trial court, based upon the evidence, as an abuse of discretion.

"Matters of alimony and property settlement between husband and wife are within the sound discretion of the trial judge, and if supported by competent evidence will not ordinarily be disturbed on review. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Kleiger v. Kleiger,* 127 Colo. 86, 254 P. (2d) 426; *Mickle v. Mickle,* 125 Colo. 21, 239 P. (2d) 988. We have uniformly held that we will follow the trial court's findings in matters of this kind, if they have support in the evidence."

The judgment is affirmed.