No. 18,935.

Edward C. Green *v.* Florence M. Green.
(342 P. [2d] 659)

Decided July 6, 1959. Rehearing denied July 27, 1959.

Mr. W. E. McCarthy, for plaintiff in error.

Messrs. Hutchinson & Hutchinson, for defendant in error.

552

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in reverse order to their appearance in the trial court. We refer to plaintiff in error as the husband and to defendant in error as the wife.

On January 6, 1958, the wife, without contest, obtained a final decree of divorce and by said decree was awarded custody and control of the two daughters of the parties, born February 8, 1940, and November 26, 1942.

On February 28, 1958, hearing was had on division of property and custody of the children.

On May 15, 1958, decree was entered wherein the court awarded to the wife (1) that part of the family furniture which she had taken to California at the time of filing her action for divorce, valued at $4410.00; (2) certain stocks standing in the name of the wife; also 600 shares of the common stock of the Commodore Hotel, Inc., which stock was in the joint names of the parties, all of said stocks having a value of about $48,000.00; (3) directed the husband to pay to the wife $16,600.00.

The husband was awarded (1) a home in Boulder, valued at $30,800.00; (2) the Indian Rug and Jewelry Business in Boulder, valued at $15,126.56; (3) family furniture valued at $522.00; (4) Shiprock, New Mexico, property valued at $6,105.66.

The court also ordered the husband to pay $50.00 per month for the support of each child.

There is no conflict in the testimony as to the value of the various items of property involved. The wife testified that all of the stocks, except 600 shares of Commodore Hotel, Inc., stock, awarded to her, were purchased from funds which she inherited from her grandmother and her mother and all of which was received during the period of her marriage. This testimony was supported by the fact that all stock certificates, except the Commodore Hotel, Inc., stock, were issued in her

own name and the brokerage firm statements all show the purchases to have been made by the wife. Though the husband expressed doubt that all of the stock had been acquired through inherited funds of the wife, he offered no proof to the contrary. The trial court expressly found that all of the stock standing in the wife's name alone was purchased with her personal funds. This finding is well supported by the evidence.

It is undisputed that the husband inherited about $5200.00 during the period of marriage and that he owned property at the time of the marriage valued at about $2000.00.

█ The result of the court's decree is to permit the wife to keep her separate inherited property valued at about $38,000.00, and of the property acquired through the joint efforts of the parties awarded her $31,000.00, leaving the husband with assets having a value of about $35,000.00. We find no abuse of discretion on the part of the trial court in making such division of property, especially in view of the fact that no alimony was requested or awarded.

█ The husband also complains of the award of custody of the children to the wife. He does not claim or even intimate that she is not a proper or suitable person to have the custody of the children, and under such circumstances it is not within our province to disturb the order. We also note that as of now the children are aged nineteen years, four months; and sixteen years, six months, respectively. The question of custody therefore is of relatively small importance and may well resolve itself without court aid or interference.

The contentions of the husband are the same or similar to those urged in numerous cases decided by this court and no new problem is presented.

█ We repeat the following language from *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 663: "Matters of alimony and property settlement between husband and wife are within the sound discretion of the

554

trial judge, and if supported by competent evidence will not ordinarily be disturbed on review. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Kleiger v. Kleiger,* 127 Colo. 86, 254 P. (2d) 426; *Mickle v. Mickle,* 125 Colo. 21, 239 P. (2d) 988. We have uniformly held that we will follow the trial court's findings in matters of this kind, if they have support in the evidence." To the same effect, see *Drake v. Drake,* 138 Colo. 388, 333 P. (2d) 1038.

The judgment is affirmed.