No. 20,341.

ARTHUR B. HAYUTIN *v.* ELAINE R. HAYUTIN.
(381 P. [2d] 272)

Decided May 6, 1963.

Mr. JOHN B. BARNARD, JR., for plaintiff in error.

Mr. CHARLES GINSBERG, Mr. CHARLES A. MURDOCK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order to their appearance in the trial court. We refer to them as Elaine and Arthur.

The parties entered into a purported marriage at Las Vegas, Nevada, on February 23, 1962. At that time and for many years prior thereto both Elaine and Arthur were and had been residents of Arapahoe County, Colorado.

After spending a few days in Las Vegas the parties returned to Arapahoe County, Colorado.

On April 27, 1962, Arthur filed suit in Nevada seeking to have his purported marriage to Elaine annulled. Elaine was served with process in this action in Arapahoe County on April 30, 1962.

On April 30, 1962, Elaine caused to be issued and served on Arthur a summons notifying Arthur that she was seeking in the District Court of Arapahoe County a decree of separate maintenance.

On May 2, 1962, complaint was filed in the Arapahoe County action, together with a petition for an injunction to restrain Arthur from proceeding further in the Nevada annulment suit. On May 4, 1962, Elaine filed her petition for temporary support money and attorney fees.

After hearings orders were entered directing Arthur:

1. To refrain from proceeding further in the Nevada case.

2. To pay to Elaine for her support $350.00 per month and to pay to her attorneys temporary attorney fees in the amount of $800.00.

Orders were entered dispensing with the filing of motions for a new trial.

Arthur is here by writ of error seeking reversal of both orders.

The parties are in agreement that the courts of Colo-

rado and Nevada each have jurisdiction to entertain and adjudicate marriages to be valid or invalid and granting annulment when determined invalid.

From the record it appears that Arthur not only had commenced his Nevada annulment suit, but had also served Elaine with process prior to the time she commenced her suit in Arapahoe County for separate maintenance.

All of the contentions of the parties in both actions can be fully litigated and determined in the Arapahoe County case; whereas, only the question of the validity of the marriage could be determined in the Nevada case.

■ Though this court has not ruled upon the propriety of restraining one from prosecuting a case in another jurisdiction, the general rule is well established that courts of equity will and should in proper cases enjoin a party to a divorce or separate maintenance action from proceeding in an annulment suit in a foreign jurisdiction.

In 43 C.J.S. 499, Injunctions, §49, it is said:

"An action or proceeding in another state or country generally may be enjoined on the ground that it interferes inequitably with local litigation affecting local citizens or residents, evades the law of the local state, or otherwise requires the interposition of equity to prevent manifest wrong or injustice.

\* \* \*

"In accordance with these principles, and subject to the rules relating to grounds for restraining an action or proceeding generally as discussed supra §§ 37-40, an action or proceeding in another state will be enjoined, even though complainant has made a general appearance therein, where it is made to appear that its prosecution will interfere unduly and inequitably with the progress of local litigation or with the establishment of rights properly justiciable in the local court, will subject complainant to fraud, gross wrong, or oppression, to

irreparable injury, or to great hardship, inconvenience, or expense, such as in transporting witnesses and documentary evidence; that the action was instituted for the purpose of, or will result in, securing to plaintiff therein some unfair, unconscionable or inequitable advantage, arising either under the law or the facts; that it is unduly annoying, vexatious, and harrassing or is contrary to equity and good conscience; or that the matters in controversy can be more fairly, impartially, and expeditiously adjusted and the ends of justice better attained in the jurisdiction where the parties then are than in the foreign court or have already been determined in the local court. * * * ."

After hearing, the trial judge made findings including the following:

" * * * the defendant as plaintiff in said action in Nevada, seeks an annulment of the marriage which involves the subject matter of the action between the parties in this court.

"2. That the relief which the defendant seeks in the Nevada Court, is available to him in the action herein if he is entitled thereto.

* * *

"4. That the action in the State of Nevada by the defendant against the plaintiff interferes inequitably with the litigation in the within action and subjects the plaintiff herein to irreparable injury and great hardship, inconvenience and expense and is annoying, vexatious and harassing to the plaintiff herein and is contrary to equity and good conscience and any controversy between the parties can be more expeditiously adjusted between the parties in this jurisdiction.

"5. That an injunction is necessary herein to prevent a multiplicity of suits and a circuity of actions relating to the same subject matter."

The record contains evidence which amply supports the above findings and under such circumstances

the findings and restraining order issued in conformity therewith will not be disturbed on review.

■ With reference to the award of temporary alimony and temporary attorney fees, the court had before it the testimony of Elaine and Arthur. Such testimony indicated that Elaine had a present monthly income of about $625.00 — this was made up of $500.00 per month awarded to her as support money for the three minor children of a former marriage, and other income of her own of about $125.00 per month. She also had some $2,200.00 in the bank and owed some bills.

From testimony of Arthur it appeared that he had taxable income for 1961 of $36,000.00 and anticipated taxable income for 1962 of about $27,000.00. He owes many debts, has virtually no present cash, but very substantial other assets, and is paying $771.00 per month on a property settlement agreement arising out of a previous marriage.

The trial judge concluded that Arthur had an annual income of about $27,000.00 and that Elaine had a monthly income of her own of only $125.00, and that the $500.00 child support money from her former husband should not be considered as her income.

Here the trial court was presented with a factual rather than a legal problem. It was his function to resolve the facts, and his order and award are well supported by the evidence and will not be disturbed on review.

In *McPheeters v. McPheeters,* 132 Colo. 312, 287 P. (2d) 959, it is stated:

"It is fundamental that the question of the amount of alimony awarded rests in the sound discretion of the trial judge if supported by competent evidence. *Kleiger v. Kleiger,* 127 Colo. 86, 254 P. (2d) 426. The award when made will not be disturbed or modified by this Court in the absence of a showing of abuse of discretion on the part of the trial judge. A careful consideration

of the record here presented fails to show an abuse of discretion.  * * * ."

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.